UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL RENE GARRETT,

        Plaintiff,

v.                                                CASE NO. 10-10959
                                                HONORABLE VICTORIA A. ROBERTS

PEOPLE OF MICHIGAN,

        Defendants.
_____/

## ORDER
## (1) DENYING PLAINTIFF'S MOTIONS TO DISMISS HIS CONVICTION,
## (2) DENYING HIS MOTION TO COMPEL AN ANSWER,
## AND (3) CLOSING THIS CASE

Plaintiff Michael Rene Garrett is a state prisoner currently confined at Kinross Correctional Facility in Kincheloe, Michigan. On February 11, 2010, Garrett initiated this action by filing a document entitled "Motion to Dismiss: Lack of Jurisdiction over the Subject Matter." The *pro se* motion and a similar motion filed on March 24, 2010, appear to challenge Plaintiff's state court conviction for interstate kidnapping. Garrett alleges that the crime occurred in Ohio and, therefore, a Wayne County circuit court judge in Detroit, Michigan lacked jurisdiction to try him. Garrett seeks to be taken into federal custody and to have his state conviction vacated for lack of personal and subject matter jurisdiction.

The proper federal remedy for a prisoner's challenge to a state conviction is to file a petition for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973). Garrett chose instead to file motions to dismiss his conviction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Those rules

are used to challenge a *federal* court's jurisdiction in a civil lawsuit. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (explaining that an objection to a federal court's lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment"); *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (explaining, among other things, that the Sixth Circuit reviews *de novo* a federal district court's dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)). Because Plaintiff is challenging a state court's jurisdiction in a criminal matter, his motions to dismiss [Dkt. #1 and #4] are **DENIED**, and this case is hereby closed. Plaintiff's motion to compel an answer to his motions to dismiss [Dkt. #5] is **DENIED** as moot.

        S/Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: April 27, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Garrett by electronic means or U.S. Mail on April 27, 2010.

s/Carol A. Pinegar
Deputy Clerk