UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL RENE GARRETT,

        Plaintiff,

v.                                            CASE NO. 10-10959
                                             HONORABLE VICTORIA A. ROBERTS

PEOPLE OF MICHIGAN,

        Defendant.
_____/

## ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND PLAINTIFF'S MOTION TO STOP INTERFERENCE, BUT
## GRANTING HIS MOTION FOR MORE DEFINITE STATEMENT

### I. Introduction

Plaintiff Michael Rene Garrett is a state prisoner who initiated this action on February 11, 2010, by filing a motion to dismiss his state court conviction for interstate kidnapping. Plaintiff alleged that the crime occurred in Ohio and, therefore, a Wayne County circuit court judge in Detroit, Michigan lacked jurisdiction to try him. Plaintiff asked to be taken into federal custody and to have his state conviction vacated for lack of personal and subject matter jurisdiction.

On April 27, 2010, the Court denied Petitioner's motion and closed this case. Petitioner subsequently filed the following three motions: (1) to stop interference; (2) for more definite statement; and (3) for reconsideration of the order denying his motion to dismiss. The motion to stop interference seeks an order directing the Michigan Department of Corrections to cease interfering with Plaintiff's federal cases. The motion for more definite statement seeks clarification of the Court's order denying Plaintiff's motion to dismiss, and the motion for

reconsideration alleges that the Court erred by punishing Plaintiff for his failure to recognize subtle deficiencies in his claims.

## II.  Discussion

The Court will try to explain more fully below the problem with Plaintiff's motion to dismiss.  Accordingly, the motion for more definite statement [Dkt. #8] is **GRANTED**.

The motion to stop the Michigan Department of Corrections from interfering with Plaintiff's lawsuits [Dkt. #7] is **DENIED** because the Department of Corrections is not a party to this lawsuit.  Furthermore, Plaintiff's allegation of interference with his right of access to the courts would be more appropriate in a civil rights complaint than in this action.

To prevail on his motion for reconsideration, Plaintiff must demonstrate a "palpable defect" by which the Court has been misled and that correcting the defect will result in a different disposition of his case.  Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010).  The Court agrees with Plaintiff that the allegations of a *pro se* complaint must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Plaintiff is attempting to challenge a state court conviction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2).  Those rules authorize parties to a federal lawsuit to assert the following defenses by motion:  lack of subject-matter jurisdiction and lack of personal jurisdiction.  Plaintiff cannot use Rules 12(b)(1) and 12(b)(2) to challenge his state court conviction because he is contesting the state court's jurisdiction, not this Court's jurisdiction.

The proper way to challenge a state conviction is to file a habeas corpus petition under 28 U.S.C. § 2254 after seeking relief in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973). This means that Plaintiff must present his claim to the Michigan Court of Appeals and to the Michigan Supreme Court before seeking relief from a federal court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). If Plaintiff is unsuccessful in state court, he may file an application for the writ of habeas corpus on a form approved by this Court. The Court is attaching to this order a blank application for the writ of habeas corpus. The Court notes, however, that the issue of whether the state court had jurisdiction in Plaintiff's criminal case is a decision for the state court to make, not the federal court. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Plaintiff has failed to show that the Court made a palpable defect when it denied his motion to dismiss. Accordingly, his motion for reconsideration [Dkt. #11] is **DENIED**. As previously stated, the motion to stop interference by the Michigan Department of Corrections [Dkt. #7] is **DENIED**, and the motion for more definite statement [Dkt. #8] is **GRANTED.**

                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: June 15, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Rene Garrett by electronic means or U.S. Mail on June 15, 2010.
>
> s/Carol A. Pinegar
> Deputy Clerk